LEVINE v. MORRISON.

(Supreme Court, Appellate Term, First Department.   November 3, 1915.)

CONTRACTS ⊙⟹346—ACTIONS—PROOF.

Where defendant, who was a partner of one with whom plaintiff had contracted individually, gave an independent promise, if plaintiff would complete the contract, that he would pay the balance due on the work, proof of the value of the work was unnecessary.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. ⊙⟹346.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Levine against Max Morrison. From an order setting aside a verdict and ordering a new trial, plaintiff appeals. Order reversed, and judgment reinstated.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Nathan Friedman, of New York City, for appellant.

John Manheimer, of New York City (I. T. Flatto, of New York City, of counsel), for respondent.

BIJUR, J.   This action was brought to recover $200, being the balance due for work done in pursuance of a contract.   It was sought by plaintiff to hold defendant upon his independent promise to pay plaintiff the balance of the contract price provided plaintiff would finish the work; it appearing that defendant was the partner of the one with whom plaintiff had already contracted individually.   The learned judge below set aside the verdict solely on the ground that:

"The evidence adduced was not sufficient upon which the jury could find that the reasonable value of the labor and materials furnished amounted to the sum" awarded.

An examination of the record, however, discloses the facts above set forth, and that the foundation of plaintiff's action was not work, labor, and materials furnished, but an express contract to pay a definite sum.

Consequently the order is reversed, with $30 costs, and judgment reinstated.   All concur.